UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **ROLEX WATCH U.S.A., INC.,** | CIVIL ACTION NO._____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **DAOUD'S, INC. d/b/a DAOUD'S FINE JEWELRY and PATRICK A. DAOUD,** | |
| Defendants. | |

Plaintiff Rolex Watch U.S.A., Inc. ("Rolex"), by its attorneys, hereby complains of Defendants Daoud's, Inc. d/b/a Daoud's Fine Jewelry and Patrick A. Daoud (collectively hereinafter referred to as "Defendants") as follows:

## STATEMENT OF THE CASE

1. This is a suit by Rolex against Defendants for injunctive relief, damages, treble damages and/or profits, compensatory damages, pre-judgment interest, attorneys' fees, costs and expenses from Defendants as a result of Defendants' unauthorized use and infringement of Rolex's federally registered ROLEX trademark. As set forth below, Defendants' unlawful acts constitute federal trademark infringement and false designation of origin.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the federal trademark claims asserted in this action under 15 U.S.C. §1121, and 28 U.S.C. §§1331 and 1338.

3. Defendants are subject to this Court's jurisdiction because they are residents within the Southern District of Florida, do business in the Southern District of Florida and have committed the acts complained of herein in this District.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

5. Plaintiff Rolex is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 665 Fifth Avenue, New York, New York 10022.

6. Upon information and belief, defendant Daoud's, Inc. d/b/a Daoud's Fine Jewelry ("Daoud's") is a corporation organized and existing under the laws of the State of Florida with a place of business at 2473 E. Sunrise Boulevard, Fort Lauderdale, Florida.

7. Upon information and belief, defendant Patrick A. Daoud ("Mr. Daoud") is a resident of Florida and is the President, Chief Executive Officer and controlling shareholder of defendant Daoud's. In addition, Mr. Daoud is the moving force behind the actions, inaction and unlawful conduct of defendant Daoud's.

## FACTUAL ALLEGATIONS

A. **Rolex's Famous Products and Trademarks**

8. Rolex is the exclusive distributor and warrantor in the United States of Rolex watches, all of which bear the Rolex Registered Trademark as defined below.

9. Rolex watches, watch bracelets and related products are of exceptionally high quality and are identified by the trade name and trademark ROLEX and one or more trademarks owned by Rolex.

10. Rolex imports, distributes, sells and promotes in interstate commerce Rolex watches, watch bracelets and related products for men and women.

11. Rolex is the owner of, including but not limited to, the following federal trademark registrations in the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| **ROLEX** | 101,819 | 1/12/1915 | Watches, clocks, parts of watches and clocks, and their cases. |
| **ROLEX** | 4,458,519 | 12/31/2013 | Retail store services featuring watches, timepieces, clocks and jewelry. |

True and correct copies of Rolex's federal trademark registrations (hereinafter collectively referred to as the "ROLEX Registered Trademark") are attached hereto as **Exhibit 1** and incorporated herein by reference.

12. The ROLEX Registered Trademark is arbitrary and fanciful and is entitled to the highest level of protection afforded by law.

13. The ROLEX Registered Trademark is world-famous, including within the United States.

14. Rolex and its predecessors have used the ROLEX Registered Trademark for over one hundred years on and in connection with watches, related products, retail store services and in advertisements. The ROLEX Registered Trademark identifies high quality products originating with Rolex.

15. Rolex also owns numerous other trademarks, including, but not limited to, the trademarks PRESIDENT, CROWN DESIGN ( ♛ ), DATEJUST, SEA-DWELLER, OYSTER, OYSTER PERPETUAL, GMT-MASTER, YACHT-MASTER, SUBMARINER, ROLEX DAYTONA, DAYTONA, and EXPLORER II.

16.     Rolex is also known for its exceptional customer service.  Rolex offers the highest quality repair and warranty services on new and used genuine Rolex watches.

17.     Based upon Rolex's extensive advertising, sales and the wide popularity of Rolex products, the ROLEX Registered Trademark is now famous and has been famous since well prior to the activities of Defendants complained of herein.

18.     Rolex has gone to great lengths to protect its name and enforce the ROLEX Registered Trademark.

19.     The ROLEX Registered Trademark is valid and subsisting and in full force and effect. It has become incontestable pursuant to 15 U.S.C. § 1065.

**B.      Defendants' Infringing Activities**

20.     Defendants operate a retail jewelry and watch store in Fort Lauderdale, Florida.

21.     Upon information and belief, long after Rolex's adoption and use of the ROLEX Registered Trademark on its products and retail store services, Defendants began using the ROLEX Registered Trademark on an exterior sign at their jewelry store in Fort Lauderdale, Florida, without the authorization or consent of Rolex. A copy of a photograph depicting the exterior of Defendants' store is attached hereto as **Exhibit 2**, and incorporated herein by reference.

22.     Defendants also operate and own a website at https://www.daouds.com (the "Website").

23.     The homepage of Defendants' Website shows a photograph of the exterior sign on Defendants' store displaying prominent use of the ROLEX Registered Trademark.  A screen shot of the homepage of Defendants' Website is attached hereto as **Exhibit 3**, and incorporated herein by reference

24.     Defendants' sign prominently displays the ROLEX Registered Trademark.

25. Rolex's counsel sent cease and desist letters to Defendants, informing Defendants of the illegality and potential penalties for their confusing and unauthorized use of the ROLEX Registered Trademark.

26. To date, Defendants continue to prominently use, display and advertise the ROLEX Registered Trademark on the exterior of their jewelry store in Fort Lauderdale, Florida and their Website without authorization or consent from Rolex.

27. Defendants' prominent display of the ROLEX Registered Trademark at their store and Website infringes the ROLEX Registered Trademark.

28. Defendants' acts are calculated to confuse and to deceive consumers, the public and the trade, and have been performed with full knowledge of Rolex's rights and the illegal nature of Defendants' conduct.

29. Defendants are not now, nor have they ever been, associated, affiliated, connected with, endorsed or sanctioned by Rolex.

30. Rolex has never authorized or consented in any way to Defendants' use of the ROLEX Registered Trademark.

31. Defendants' use of the ROLEX Registered Trademark in connection with their offers for sale and sale of jewelry and watches is likely to cause consumers, the public and the trade to erroneously believe that any products or services provided by Defendants emanate or originate from Rolex, and/or that said products or services are authorized, sponsored, or warranted by Rolex, even though they are not. Additionally, such usage by Defendants falsely suggests that Defendants have some connection, or relationship, with Rolex. The confusion caused by Defendants' conduct causes irreparable harm to Rolex.

32.     By using the ROLEX Registered Trademark, Defendants are trading on the goodwill and reputation of Rolex and creating the false impression that Defendants and Defendants' goods and services are affiliated with Rolex.

33.     Defendants have illegally used the ROLEX Registered Trademark as a lure to generate business for their jewelry store; in doing so, Defendants have been unjustly enriched by misappropriating Rolex's intellectual property for their own financial gain. Furthermore, Defendants have unfairly benefited and profited from Rolex's outstanding reputation for high quality products and services and Rolex's significant advertising and promotion of Rolex watches and the ROLEX Registered Trademark.

34.     Defendants have tarnished and disparaged Rolex, its ROLEX Registered Trademark and its products by creating a false association with Rolex, its genuine goods and its ROLEX Registered Trademark.

35.     Rolex has no control over the nature and quality of the products and services provided by Defendants, who infringe upon the ROLEX Registered Trademark.

36.     Upon information and belief, Defendants have acted with reckless disregard for Rolex's rights and/or have been willfully blind in connection with their unlawful activities. Alternatively, upon information and belief, Defendants have willfully and maliciously engaged in these infringing activities. Therefore, this case constitutes an exceptional case under 15 U.S.C. § 1117(a).

37.     Rolex has suffered irreparable harm and damages as a result of Defendants' illegal acts. The injuries and damages sustained by Rolex have been directly and proximately caused by Defendants' wrongful use of the ROLEX Registered Trademark in Defendants' advertising and promotional activities.

38. Rolex has no adequate remedy at law.

39. Defendants' wrongful acts will continue unless enjoined by the Court. Accordingly, Defendants must be restrained and enjoined from any further infringement of the ROLEX Registered Trademark.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement, 15 U.S.C. § 1114)

40. Rolex hereby incorporates by reference all prior allegations as though fully set forth herein.

41. Based upon Rolex's extensive advertising under the ROLEX Registered Trademark, its extensive sales and the wide popularity of Rolex watches and related services, the ROLEX Registered Trademark has acquired a secondary meaning so that any product, service and advertisement bearing said mark is immediately associated by consumers, the public and the trade as being a product or service affiliated with Rolex.

42. Defendants use the ROLEX Registered Trademark in connection with Defendants' sale, offers of sale, distribution, promotion and advertisement of Defendants' goods and services. These activities constitute Defendants' use in commerce of the ROLEX Registered Trademark.

43. Defendants have used the ROLEX Registered Trademark, knowing that it is the exclusive property of Rolex, in connection with Defendants' promotion and advertisement of their goods and services.

44. Among other things, Defendants' activities create the misleading impression that Defendants are sanctioned or authorized by Rolex to use the ROLEX Registered Trademark to advertise, distribute, appraise, offer for sale, sell or service watches bearing the ROLEX Registered Trademark when Defendants are not so authorized.

45. Defendants engage in the aforementioned activity with the intent to confuse and deceive consumers, the public and the trade into believing that Defendants and their goods or services are in some way sponsored, affiliated or associated with Rolex, when in fact they are not.

46. Defendants' use of the ROLEX Registered Trademark has been without the consent of Rolex, is likely to cause confusion and mistake in the minds of consumers, the public and the trade, and, in particular, tends to and does falsely create the impression that the goods advertised, promoted, distributed and sold by Defendants are warranted, authorized, sponsored or approved by Rolex when, in fact, they are not.

47. Defendants' unauthorized use of the ROLEX Registered Trademark has resulted in Defendants unfairly benefiting from Rolex's advertising and promotion and profiting from the reputation of Rolex and the ROLEX Registered Trademark, to the substantial and irreparable injury of Rolex, the ROLEX Registered Trademark and the substantial goodwill represented thereby.

48. Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

49. By reason of the foregoing, Defendants are liable to Rolex for: (a) an amount representing up to three (3) times Rolex's damages and/or Defendants' unlawful profits; (b) an amount that is considered to be just under the circumstances of this case; and (c) reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin 15 U.S.C. § 1125(a))

50. Rolex hereby incorporates by reference paragraphs 1 through 39 as though fully set forth herein.

51. In connection with Defendants' advertisement, promotion, distribution, offers to sell and sale of their goods and services, Defendants have used the ROLEX Registered Trademark in commerce.

52. In connection with Defendants' advertisement, promotion, and distribution, Defendants have used false designations of origin and false and misleading descriptions and representations, including, but not limited to, the use of the ROLEX Registered Trademark, which tends to falsely describe the origin, sponsorship, association or approval by Rolex of the products and services Defendants offers.

53. Defendants have used the ROLEX Registered Trademark with knowledge of the falsity of such designations of origin, descriptions and representations, all to the detriment of Rolex.

54. Defendants' use of the ROLEX Registered Trademark constitutes false descriptions and representations tending falsely to describe or represent Defendants and their products as being authorized, sponsored, warranted or associated with Rolex.

55. Defendants have used the ROLEX Registered Trademark with the intent to cause confusion and mistake, to deceive and mislead consumers, the public and the trade, to trade upon the reputation of Rolex, and to improperly appropriate to Defendants the valuable trademark rights of Rolex.

56. Defendants' acts constitute use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent their products or services as those of Rolex in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a). These acts constitute false designation of origin and unfair competition under federal law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Rolex respectfully requests that the Court order the following relief:

I.  That the Court enter an injunction ordering that Defendants, their officers, directors, shareholders, agents, servants, employees, and all other persons in privity or acting in concert with Defendants be enjoined and restrained from:

(a) using any reproduction, copy, or colorable imitation of the ROLEX Registered Trademark to identify any goods or the rendering of any services not authorized by Rolex;

(b) engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or weaken the distinctive quality of the ROLEX Registered Trademark, Rolex's name, reputation or goodwill;

(c) using a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' unauthorized goods or services as being those of Rolex, or sponsored by or associated with Rolex, and from offering such goods or services in commerce;

(d) using any simulation, reproduction, counterfeit, copy or colorable imitation of the ROLEX Registered Trademark in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products or services in such fashion as to relate or connect, or tend to relate or connect, such products or services in any way to Rolex, or to any goods or services sold, sponsored or approved by, or connected with Rolex;

(e) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead consumers, the public or the trade, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale by Defendants are in any way associated or connected with Rolex, or is provided, sold, manufactured, licensed, sponsored, approved or authorized by Rolex;

(f) engaging in any conduct constituting an infringement of the ROLEX Registered Trademark, of Rolex's rights in, or to use or to exploit, said mark, or constituting any weakening of Rolex's name, reputation and goodwill;

10

(g) using or continuing to use the ROLEX Registered Trademark or any confusingly similar variation thereof on the Internet (either in the text of a website, as a domain name, or as a keyword, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any goods or services not directly authorized by Rolex;

(h) using or continuing to use the ROLEX Registered Trademark or any confusingly similar variation thereof in connection with Defendants' offer to sell and sale of goods or services, including, but not limited to, the use of the Rolex Registered Trademark on any building, structure, signage or in any other media;

(i) secreting, destroying altering, removing or otherwise dealing with the unauthorized products or any books or records which contain any information relating to Defendants' advertising, promoting, or provision of services which infringe the Rolex Registered Trademark; and

(j) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (j)

II.     That Defendants, within ten (10) days of Judgment, take all steps necessary to remove from stores and websites Defendants own or control all signage or any other media bearing the ROLEX Registered Trademark or any mark confusingly similar hereto.

III.    That Defendants, within thirty (30) days of judgment, file and serve Rolex with a sworn statement setting forth in detail the manner and form in which Defendants have complied with this injunction pursuant to 15 U.S.C. § 1116(a).

IV.     Requiring Defendants to pay to Rolex such damages Rolex has sustained as a consequence of their infringement of the ROLEX Registered Trademark and to account for all gains, profits and advantages derived by Defendants from their infringement of the ROLEX Registered Trademark, and that the award to Rolex be trebled as provided for under 15 U.S.C. §1117.

V.      Awarding Rolex a sum that is just under the circumstances as provided for under 15 U.S.C. §1117.

VI. Ordering that Rolex recover the costs of this action, together with reasonable attorneys' and investigators' fees and pre-judgment interest in accordance with 15 U.S.C. §1117.

VII. Directing that this Court retain jurisdiction of this action for the purpose of enabling Rolex to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

VIII. Ordering that pursuant to 11 U.S.C. § 523(a)(6) Defendants be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful and fraudulent injury to Rolex and/or its property.

IX. Awarding to Rolex such other and further relief as the Court may deem just and proper, together with the costs and disbursements which Rolex has incurred in connection with this action.

Respectfully submitted,

Dated: June 28, 2019  
Miami, FL

/s/ Elizabeth B. Honkonen  
Elizabeth B. Honkonen (FL Bar # 0149403)  
KENNY NACHWALTER, P.A.  
Four Seasons Tower  
1441 Brickell Avenue  
Suite 1100  
Miami, Florida 33131  
Telephone:  (305) 373-1000  
Facsimile:  (305) 372-1861  
Email: ebh@knpa.com

*Attorneys for Plaintiff*  
ROLEX WATCH U.S.A., INC.

-and-

OF COUNSEL TO PLAINTIFF:
GIBNEY, ANTHONY & FLAHERTY, LLP
Brian W. Brokate, Esq.
Beth M. Frenchman, Esq.
Adam Sgro, Esq.
665 Fifth Avenue
New York, NY 10022
Telephone:  (212) 688-5151
Facsimile: (212) 688-8315